IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LABORERS WELFARE FUND OF DELAWARE : CIVIL ACTION
LOCAL NO. 199, LABORERS OF DELAWARE :
LOCAL UNION NO. 199 PENSION PLAN, :
LOCAL 199 LABORERS INTERNATIONAL : NO. 06-CV-
UNION OF NORTH AMERICA ANNUITY :
PLAN, LABORERS LOCAL 199 TRAINING :
AND APPRENTICESHIP FUND, LABORERS :
LOCAL 199 VACATION FUND (administered :
Through the Laborers Welfare Fund of Delaware :
Local 199) and LABORERS'-EMPLOYERS' :
COOPERATIVE EDUCATION TRUST FUNDS, :
by their trustees Raymond Pocino, David Johnson, :
William Carter, James Maravelias, John McMahon, :
Charles Showell, John Olsen :
and Suzanne Varone :
650 Naamans Road :
Claymont, DE 19703 :
:
        and :
:
LABORERS INTERNATIONAL UNION :
OF NORTH AMERICA, LOCAL NO. 199 :
AFL-CIO :
532 South Claymont Street :
Wilmington, DE 19801 :
:
:
                Plaintiffs :
:
        v. :
:
AHAL CONTRACTING CO., INC. :
3746 Pennridge Drive :
Bridgeton, MO 63044 :
                Defendant :

## COMPLAINT

### JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

### PARTIES

3. The Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union Of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, Laborers Local 199 Vacation Fund and Laborers'-Employers' Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302 of the LMRA, 29 U.S.C. § 186, and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Vacation Fund is a Sub-Fund of the Welfare Fund. The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199, AFL-CIO ("Local 199") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds. The Funds' offices are located at 650 Naamans Road, Claymont, Delaware 19703.

4.    Plaintiff, Raymond Pocino ("Pocino"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Pocino's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

5.    Plaintiff, David Johnson ("Johnson"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Johnson's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

6.    Plaintiff William Carter ("Carter") is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary for the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Carter's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

7.    Plaintiff, James Maravelias ("Maravelias"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Maravelias' business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

8.    Plaintiff, John McMahon ("McMahon"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). McMahon's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

9.    Plaintiff, Charles Showell ("Showell"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section

3(21) of ERISA, 29 U.S.C. § 1002(21). Showell's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

10. Plaintiff, John Olsen ("Olsen"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21). Olsen's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

11. Plaintiff, Suzanne Varone ("Varone"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Varone's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

12. Plaintiff, Laborers International Union of North America, Local 199, AFL-CIO is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). Its principal place of business is 532 South Claymont Street, Wilmington, Delaware 19801. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

13. Defendant, Ahal Contracting Co., Inc. ("Defendant"), is a Missouri corporation with a principal place of business at 1011 E. Main Street, Chattanooga, Tennessee 37401. Defendant is registered with the Secretary of State to do business in the State of Delaware. The Registered Agent for the Defendant is the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29

U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2). The Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, inter alia, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware. Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when members of Local 199 are employed by the Defendant, and to submit timely monthly contribution report forms to the Funds' administrator.

15. "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

16. Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

17. The Trustees of the Funds have established a program pursuant to which they audit the books and records of employers obligated to contribute to the Funds under the terms of the Agreement in order to insure that contributory employers have made the contributions required under the terms of the Agreement and the rules of the Funds.

18. Prior to June, 2004, laborers employed in the State of Delaware in Kent and Sussex Counties were represented for purposes of collective bargaining by Laborers International Union of North America, AFL-CIO ("Local 847). Such work was performed pursuant to the terms of the Agreement and contributions were made to the Funds on behalf of laborers represented by Local 847.

19. In June, 2004, Local 847 merged into Local 199 and, accordingly, Local 199 became the sole labor organization bound to the Agreement.

20. On or about September 17, 2003, the Defendant executed a letter, binding it to the terms of the Agreement covering the period of May 1, 2002 through April 30, 2004.

21. During the months of October and November, 2003, the Defendant hired members of Local 847, under the terms of the Agreement, to work as laborers within the jurisdiction of Local 847, and, as such, was obliged to make contributions to the Funds.

## COUNT ONE

### VIOLATION OF ERISA FOR FAILURE TO PERMIT THE FUNDS TO AUDIT THE BOOKS AND RECORDS OF THE DEFENDANT

22. Paragraphs 1 through 21 of the Complaint are re-alleged as if fully set forth herein.

23. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

24. As a result of reports received by laborers working for the Defendant during the months of October and November, 2003 that all of their hours were not reported to the Funds, the Trustees of the Funds determined to conduct an audit of the books and records of the

Defendant in order to insure that the Defendant made all contributions to the Funds that it was obliged to do under the terms of the Agreement.

25. During the third week of November, 2005, auditors from the Funds, the accounting firm of Belfint, Lyons & Shuman, P. A. ("BLS"), which is employed by the Funds to perform audits, in writing advised the Defendant that they wished to commence an audit for the reasons set forth in Paragraph 24 of this Complaint.

26. On December 8, 2005, representatives of the Defendant contracted BLS and requested proof that the Defendant had been bound by the Agreement.

27. On or about December 14, 2005, BLS provided the Defendant with a copy of the signature page of the Agreement, executed by representatives of the Defendant.

28. On December 16 and 23, 2005, BLS, by telephone, attempted to schedule a time and place to audit the books and records of the Defendant but the Defendant has failed and refused to respond to the requests from BLS.

29. The refusal of the Defendant to permit the Funds, through BLS, to audit the Defendant's books and records is a violation of ERISA in that the Defendant has failed to adhere to the rules and terms of the Funds' benefit plans.

WHEREFORE, the Plaintiffs urge this Honorable Court to:

(1) Enter an order requiring that the Defendant provide to BLS or any other auditor employed by the Plaintiffs books and records of the Defendant necessary for BLS or any other auditor to determine whether in fact the Defendant made sufficient contributions to the Funds, as required under the terms of the Agreement;

(2) Pay to the Plaintiffs reasonable attorneys' fees and costs involved in the litigation of this matter;

(3)  Order that the Defendant pay to the Plaintiffs any monies determined due and owing the Plaintiffs that may be established during the course of this litigation; and

(4)  Grant such other relief as this Court may deem just and reasonable.

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> BY: *Timothy Snyder*
> Timothy J. Snyder (No. 2408)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> Telephone: (302) 571-6645
> Telefax: (302) 576-3336
> Email: tsnyder@ycst.com
>
> Of Counsel:
> Jonathan Walters, Esquire
> MARKOWITZ & RICHMAN
> 121 S. Broad Street, Suite 1100
> Philadelphia, PA 19107
> Telephone: (215) 875-3121
> Telefax: (215) 790-0668
> Email: jwalters@markowitzandrichman.com
>
> Attorneys for Plaintiffs

Dated: MAY 25, 2006

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LABORERS WELFARE FUND OF DELAWARE LOCAL NO. 199, LABORERS OF DELAWARE LOCAL UNION NO. 199 PENSION PLAN, LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA ANNUITY PLAN, LABORERS LOCAL 199 TRAINING AND APPRENTICESHIP FUND, LABORERS LOCAL 199 VACATION FUND (administered through the Laborers Welfare Fund of Delaware Local 199) and LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST FUNDS, by their trustees Raymond Pocino, David Johnson, William Carter, James Maravelias, John McMahon, Charles Showell, John Olsen and Suzanne Varone, and LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 AFL-CIO

## DEFENDANTS

AHAL CONTRACTING CO., INC.

(b) County Of Residence Of First Listed Plaintiff:
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)
Timothy J. Snyder (No. 2408)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19899-0391
(302) 571-6645

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL ROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | |
| | | ☐ 555 Prison Condition | | | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Action brought pursuant to 29 U.S.C. §§186, 1132 and 1145 to compel an audit

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**    DEMAND $    Check YES only if demanded in complaint
☐ UNDER F.R.C.P. 23      JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE:      DOCKET NUMBER:

DATE      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a)  **Plaintiffs - Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c)  **Attorneys**. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties**. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.  **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII.  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases**. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-347

**ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85**

*NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__5-25-06__
(Date forms issued)

_____
(Signature of Party or their Representative)

John D. Ritter
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action