IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORERS WELFARE FUND OF DELAWARE LOCAL NO. 199, LABORERS OF DELAWARE LOCAL UNION NO. 199 PENSION PLAN, LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA ANNUITY PLAN, LABORERS LOCAL 199 TRAINING AND APPRENTICESHIP FUND and LABORERS LOCAL 199 VACATION FUND (administered through the Laborers Welfare Fund of Delaware Local 199) c/o GEM Group 650 Naamans Road, Suite 303 Claymont, DE 19703 | CIVIL ACTION NO. 06-CV-347 |
| and | |
| LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST FUNDS c/o Delaware Contractors Association P.O. Box 6520 Wilmington, DE 19804 | |
| and | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 AFL-CIO 532 South Claymont Street Wilmington, DE 19801 | |
| Plaintiffs | |
| v. | |
| AHAL CONTRACTING CO., INC. 3746 Pennridge Drive Bridgeton, MO 63044 | |
| Defendant | |

# FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.  This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2.  This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337.  Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3.  Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, and Laborers Local 199 Vacation Fund (administered through the Laborers Welfare Fund of Delaware Local 199) ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).  The Laborers-Employers Cooperative Education Trust ("LECET") is a jointly-administered, multi-employer fund within the meaning of Section 302(c)(9) of the LMRA; 29 U.S.C. § 186(c)(9).  The Funds and LECET receive contributions from various employers who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199, AFL-CIO ("Local 199") and by virtue of their having agreed to be

bound by the Agreements and Declarations of Trusts that establish the Funds and LECET. The offices of the Funds and LECET are located at 650 Naamans Road, Claymont, Delaware 19703.

4. Plaintiff, Laborers International Union of North America, Local 199, AFL-CIO ("Local 199") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). Its principal place of business is 532 South Claymont Street, Wilmington, Delaware, 19801. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

5. Defendant, Ahal Contracting Co., Inc. ("Defendant"), is a Missouri corporation with a principal place of business at 3746 Pennridge Drive, Bridgeton, MO 63044. Defendant is registered with the Secretary of State to do business in the State of Delaware. The Registered Agent for Defendant is the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801. At all times relevant hereto, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2). Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6. At all times relevant hereto, Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, inter alia, the wages, hours and other terms and conditions of employment of laborers employed by Defendant in the State of Delaware. Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when laborers

are employed by Defendant, and to submit timely monthly contribution report forms to the Funds' administrator.

7. "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

8. Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by laborers. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

9. Defendant employed laborers who were members of Local 199 and who performed work covered by the Agreement during the period August 1, 2003 through March 31, 2004 but failed and refused to make contributions to the Funds in the amount of $2,531.79.

10. Defendant also employed laborers who were not members of Local 199 who performed work covered by the Agreement during the period August 1, 2003 through March 31, 2004 but failed to pay contributions to the Funds in the amount of $31,136.57.

## COUNT ONE

## BREACH OF COLLECTIVE BARGAINING AGREEMENT

## FOR FAILURE TO MAKE CONTRIBUTIONS

11. Paragraphs 1 through 10 of the First Amended Complaint are re-alleged as if fully set forth herein.

12. Under the terms of the Agreement, Defendant was required to contribute to the Funds in an amount sum certain for every hour worked by its employees working under the Agreement.

13. At all times relevant to this action, specifically, the period of August 1, 2003 through March 31, 2004, Defendant employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions to the Funds.

14. Notwithstanding its contractual obligation to do so and despite having received demands that it meet its contractual obligations, Defendant has failed, neglected, and refused to make contributions to the Funds for the periods set forth in Paragraphs 9 and 10 of this First Amended Complaint.

15. Defendant's failure to make contributions to the Funds for the periods set forth in Paragraphs 9 and 10 of this First Amended Complaint in the amount of $33,668.36 constitute a breach of the Agreement.

## COUNT TWO

## VIOLATION OF ERISA FOR FAILURE TO MAKE CONTRIBUTIONS TO THE FUNDS

16. Paragraphs 1 through 15 of the First Amended Complaint are re-alleged as if fully set forth herein.

17. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

18. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2) provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, (d) additional liquidated damages plus (e) a reasonable attorney's fee and costs, plus (f) any other legal and equitable relief that the court deems appropriate.

19. Defendant's failure to make contributions in the amount of $33,668.36 due to the Funds for hours worked by individuals for the period set forth in Paragraphs 9 and 10 of this First Amended Complaint in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs pray that the following relief be granted against Defendant:

(a) that judgment be entered against Defendant and in favor of Plaintiffs in the total amount of $41,258.88 representing, as of the date of the filing of this First Amended Complaint, contributions owed in the amount of $33,668.36, liquidated damages in the amount of $3,795.26 and additional liquidated damages of $3,795.26 as provided for by Section 502(g)(2) of ERISA amount;

(b) that judgment be entered against Defendant and in favor of Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that judgment be entered against Defendant and in favor of Plaintiffs for any additional contributions found owing by Defendants to the Funds during the pendency of this litigation;

(d) that an Order being entered against Defendant requiring Defendant to make all future contributions in a timely fashion in accordance with the terms of the Agreement and ERISA; and

(e) grant such other legal and equitable relief as this Court deems appropriate or to which Plaintiffs are entitled.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

BY: /s/ Timothy J. Snyder
Timothy J. Snyder (No. 2408)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com

Of Counsel:
Jonathan Walters, Esquire
121 S. Broad Street, Suite 1100
Philadelphia, PA 19107
Telephone: (215) 875-3121
Telefax: (215) 790-0668
Email: jwalters@markowitzandrichman.com

Attorneys for Plaintiffs

Dated: MARCH 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LABORERS WELFARE FUND OF DELAWARE : CIVIL ACTION
LOCAL NO. 199, LABORERS OF DELAWARE :
LOCAL UNION NO. 199 PENSION PLAN, : NO. 06-CV-347
LOCAL 199 LABORERS INTERNATIONAL : ~~NO. 06-CV-~~
UNION OF NORTH AMERICA ANNUITY :
PLAN, LABORERS LOCAL 199 TRAINING :
AND APPRENTICESHIP FUND~~,~~ and :
LABORERS ~~:~~LOCAL 199 VACATION FUND ~~:~~
(administered ~~:Through~~ through the Laborers Welfare Fund ~~:~~
of Delaware ~~:~~ Local 199)~~ and~~ :
c/o GEM Group :
650 Naamans Road, Suite 303 :
Claymont, DE 19703 :
:
        and :
:
LABORERS'-EMPLOYERS'    : COOPERATIVE :
EDUCATION TRUST FUNDS~~,~~ ~~:~~ :
~~by their trustees Raymond Pocino, David Johnson,~~ :
~~William Carter, James Maravelias, John McMahon,~~ :
~~Charles Showell, John Olsen~~ :
~~and Suzanne Varone~~ :
~~650 Naamans Road~~ :
~~Claymont, DE 19703~~ :
:
        ~~and~~ :
c/o Delaware Contractors Association :
P.O. Box 6520 :
Wilmington, DE 19804 :
:
        and :
:
LABORERS INTERNATIONAL UNION~~——~~ : OF :
NORTH AMERICA, LOCAL NO. 199~~—~~ : AFL-CIO
:
532 South Claymont Street :
Wilmington, DE  19801 :
:
:
        Plaintiffs :
:

v.                                              :
                                                :
                                                :
AHAL CONTRACTING CO., INC.                      :
3746 Pennridge Drive                            :
Bridgeton, MO  63044                            :
                                                :
        Defendant                               :

# FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.      This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2.      This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337.  Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3.      ~~The~~ Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union ~~Of~~of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, and Laborers Local 199 Vacation Fund ~~and Laborers'-Employers' Cooperative Education Trust Funds~~(administered through the Laborers Welfare Fund of Delaware Local 199) ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § ~~186,~~186(c)(5), and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§

1002(3) and (37)(A). The ~~Vacation Fund is a Sub-Fund of the Welfare Fund. The Funds~~<ins>Laborers-Employers Cooperative Education Trust ("LECET") is a jointly-administered, multi-employer fund within the meaning of Section 302(c)(9) of the LMRA; 29 U.S.C. § 186(c)(9). The Funds and LECET</ins> receive contributions from various ~~construction contractors~~<ins>employers</ins> who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199, AFL-CIO ("Local 199") and by virtue of their <ins>having</ins> agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds<ins> and LECET</ins>. ~~The Funds'~~ offices<ins> of the Funds and LECET</ins> are located at 650 Naamans Road, Claymont, Delaware 19703.

4. Plaintiff, ~~Raymond Pocino ("Pocino"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Pocino's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

~~5. Plaintiff, David Johnson ("Johnson"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Johnson's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

~~6. Plaintiff William Carter ("Carter") is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary for the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Carter's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

7. ~~Plaintiff, James Maravelias ("Maravelias"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Maravelias' business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

8. ~~Plaintiff, John McMahon ("McMahon"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). McMahon's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

9. ~~Plaintiff, Charles Showell ("Showell"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Showell's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

10. ~~Plaintiff, John Olsen ("Olsen"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21). Olsen's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~

11. ~~Plaintiff, Suzanne Varone ("Varone"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Varone's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.~~ 12.   ~~Plaintiff,~~ Laborers International Union of North America, Local 199, AFL-CIO ("Local 199") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). Its

principal place of business is 532 South Claymont Street, Wilmington, Delaware, 19801. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

~~13.~~5. Defendant, Ahal Contracting Co., Inc. ("Defendant"), is a Missouri corporation with a principal place of business at ~~1011 E. Main Street, Chattanooga, Tennessee 37401.~~ 3746 Pennridge Drive, Bridgeton, MO 63044. Defendant is registered with the Secretary of State to do business in the State of Delaware. The Registered Agent for ~~the~~ Defendant is the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801. At all times relevant hereto, ~~the~~ Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2). ~~The~~ Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### FACTUAL ALLEGATIONS

~~14.~~6. At all times relevant hereto, ~~the~~ Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, <u>inter alia</u>, the wages, hours and other terms and conditions of employment of laborers employed by ~~the~~ Defendant in the State of Delaware. Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when ~~members of Local 199~~ laborers are employed by ~~the~~ Defendant, and to submit timely monthly contribution report forms to the Funds' administrator.

~~15.~~7. "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit

contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

16.8.  Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by ~~members of Local 199~~ laborers. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

~~17.   The Trustees of the Funds have established a program pursuant to which they audit the books and records of employers obligated to contribute to the Funds under the terms of the Agreement in order to insure that contributory employers have made the contributions required under the terms of the Agreement and the rules of the Funds.~~

~~18.   Prior to June, 2004, laborers employed in the State of Delaware in Kent and Sussex Counties were represented for purposes of collective bargaining by Laborers International Union of North America, AFL-CIO ("Local 847). Such work was performed pursuant to the terms of the Agreement and contributions were made to the Funds on behalf of laborers represented by Local 847.~~

~~19.   In June, 2004, Local 847 merged into Local 199 and, accordingly, Local 199 became the sole labor organization bound to the Agreement.~~

~~20.   On or about September 17, 2003, the Defendant executed a letter, binding it to the terms of the Agreement covering the period of May 1, 2002 through April 30, 2004.~~ 21.   ~~During the months of October and November, 2003, the Defendant hired members of Local 847, under the terms of the Agreement, to work as laborers within the jurisdiction of Local 847, and, as such, was obliged to make contributions to the Funds.~~ 9.   Defendant employed laborers who

<u>were members of Local 199 and who performed work covered by the Agreement during the period August 1, 2003 through March 31, 2004 but failed and refused to make contributions to the Funds in the amount of $2,531.79.</u>

10. <u>Defendant also employed laborers who were not members of Local 199 who performed work covered by the Agreement during the period August 1, 2003 through March 31, 2004 but failed to pay contributions to the Funds in the amount of $31,136.57.</u>

## COUNT ONE

## BREACH OF COLLECTIVE BARGAINING AGREEMENT

## ~~VIOLATION OF ERISA~~ FOR FAILURE TO ~~PERMIT THE FUNDS~~<u>MAKE</u> CONTRIBUTIONS

## ~~TO AUDIT THE BOOKS AND RECORDS OF THE DEFENDANT~~

~~22.~~<u>11.</u>  Paragraphs 1 through ~~21~~<u>10</u> of the<u> First Amended</u> Complaint are re-alleged as if fully set forth herein.

12. <u>Under the terms of the Agreement, Defendant was required to contribute to the Funds in an amount sum certain for every hour worked by its employees working under the Agreement.</u>

13. <u>At all times relevant to this action, specifically, the period of August 1, 2003 through March 31, 2004, Defendant employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions to the Funds.</u>

14. <u>Notwithstanding its contractual obligation to do so and despite having received demands that it meet its contractual obligations, Defendant has failed, neglected, and refused to</u>

make contributions to the Funds for the periods set forth in Paragraphs 9 and 10 of this First Amended Complaint.

15. Defendant's failure to make contributions to the Funds for the periods set forth in Paragraphs 9 and 10 of this First Amended Complaint in the amount of $33,668.36 constitute a breach of the Agreement.

## COUNT TWO

## VIOLATION OF ERISA FOR FAILURE

## TO MAKE CONTRIBUTIONS TO THE FUNDS

16. Paragraphs 1 through 15 of the First Amended Complaint are re-alleged as if fully set forth herein.

~~23.~~17. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

~~24.    As a result of reports received by laborers working for the Defendant during the months of October and November, 2003 that all of their hours were not reported to the Funds, the Trustees of the Funds determined to conduct an audit of the books and records of the Defendant in order to insure that the Defendant made all contributions to the Funds that it was obliged to do under the terms of the Agreement.~~

18. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2) provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i)

<u>interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, (d) additional liquidated damages plus (e) a reasonable attorney's fee and costs, plus (f) any other legal and equitable relief that the court deems appropriate.</u>

~~25.    During the third week of November, 2005, auditors from the Funds, the accounting firm of Belfint, Lyons & Shuman, P. A. ("BLS"), which is employed by the Funds to perform audits, in writing advised the Defendant that they wished to commence an audit for the reasons set forth in Paragraph 24 of this Complaint.~~

~~26.    On December 8, 2005, representatives of the Defendant contracted BLS and requested proof that the Defendant had been bound by the Agreement.27.   On or about December 14, 2005, BLS provided the Defendant with a copy of the signature page of the Agreement, executed by representatives of the Defendant.~~<u>19.    Defendant's failure to make contributions in the amount of $33,668.36 due to the Funds for hours worked by individuals for the period set forth in Paragraphs 9 and 10 of this First Amended Complaint in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.</u>

~~28.    On December 16 and 23, 2005, BLS, by telephone, attempted to schedule a time and place to audit the books and records of the Defendant but the Defendant has failed and refused to respond to the requests from BLS.~~

~~29.    The refusal of the Defendant to permit the Funds, through BLS, to audit the Defendant's books and records is a violation of ERISA in that the Defendant has failed to adhere to the rules and terms of the Funds' benefit plans.~~

WHEREFORE, ~~the~~ Plaintiffs ~~urge this Honorable Court to~~<u>pray that the following relief be granted against Defendant</u>:

~~(1)    Enter an order requiring that the Defendant provide to BLS or any other auditor employed by the Plaintiffs books and records of the Defendant necessary for BLS or any other auditor to determine whether in fact the Defendant made sufficient contributions to the Funds, as required under the terms of the Agreement;~~

<u>(a)    that judgment be entered against Defendant and in favor of Plaintiffs in the total amount of $41,258.88 representing, as of the date of the filing of this First Amended Complaint, contributions owed in the amount of $33,668.36, liquidated damages in the amount of $3,795.26 and additional liquidated damages of $3,795.26 as provided for by Section 502(g)(2) of ERISA amount;</u>

~~(2)    Pay to the~~<u>(b)    that judgment be entered against Defendant and in favor of Plaintiffs</u> ~~Plaintiffs~~<u> for interest, costs, and</u> reasonable attorneys' fees ~~and costs involved in the litigation of this matter;~~<u>as provided for by the Agreement and ERISA;</u>

~~(3)    Order~~ <u>(c)</u> that ~~the Defendant pay to the Plaintiffs any monies determined due and owing the Plaintiffs that may be established during the course of this litigation; and~~<u>judgment be entered against Defendant and in favor of Plaintiffs for any additional contributions found owing by Defendants to the Funds during the pendency of this litigation;</u>

<u>(d)    that an Order being entered against Defendant requiring Defendant to make all future contributions in a timely fashion in accordance with the terms of the Agreement and ERISA; and</u>

~~(4)    Grant~~<u>(e)</u>    <u>grant</u> such other <u>legal and equitable</u> relief as this Court ~~may deem just and reasonable.~~<u>deems appropriate or to which Plaintiffs are entitled.</u>

<u>Respectfully submitted,</u>

<u>YOUNG CONAWAY STARGATT & TAYLOR, LLP</u>

          BY:_____
          Timothy J. Snyder (No. 2408)
              The Brandywine Building
              1000 West Street, 17th Floor
              Wilmington, DE  19801
              Telephone: (302) 571-6645
              Telefax: (302) 576-3336
              Email: tsnyder@ycst.com


          Of Counsel:
              Jonathan Walters, Esquire
              ~~MARKOWITZ & RICHMAN~~
              121 S. Broad Street, Suite 1100
              Philadelphia, PA  19107
              Telephone: (215) 875-3121
              Telefax: (215) 790-0668
              Email: jwalters@markowitzandrichman.com

          Attorneys for Plaintiffs

Dated:_____

Document comparison done by DeltaView on Friday, March 30, 2007 3:18:50 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://wsdms/DB02/5328093/1 |
| Document 2 | interwovenSite://WSDMS/DB02/5873825/1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 75 |
| Deletions | 79 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 158 |