IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORERS WELFARE FUND OF DELAWARE LOCAL NO. 199, LABORERS OF DELAWARE LOCAL UNION NO. 199 PENSION PLAN, LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA ANNUITY PLAN, LABORERS LOCAL 199 TRAINING AND APPRENTICESHIP FUND and LABORERS LOCAL 199 VACATION FUND (administered through the Laborers Welfare Fund of Delaware Local 199) | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 06-CV-347 |
| and | ) ) | |
| LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST FUNDS | ) ) ) ) | |
| and | ) ) | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 AFL-CIO | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| AHAL CONTRACTING CO., INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant, Ahal Contracting Co., Inc., (the "Defendant"), by and through the undersigned counsel, who responds to the allegations contained in the numbered paragraphs of the First Amended Complaint as follows:

1. Admitted.

2. Admitted.

3. Denied. Defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiffs' First Amended Complaint and strict proof thereof is demanded at the time of trial, if material.

4. Denied. Defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiffs' First Amended Complaint and strict proof thereof is demanded at the time of trial, if material.

5. Admitted.

6. Admitted that Defendant has agreed to be bound by the terms of the Agreement as that term is used in the Plaintiffs' First Amended Complaint. Otherwise, the Agreement speaks for itself. To the extent any additional response is required, it is denied.

7. The Agreement speaks for itself. To the extent any additional response is required, it is denied.

8. The Agreement speaks for itself. To the extent any additional response is required, it is denied.

9. Denied.

10. Denied.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT

### FOR FAILURE TO MAKE CONTRIBUTIONS

11. Defendant incorporates its response to Paragraphs 1-10 as if fully set forth herein.

12. The Agreement speaks for itself. To the extent any additional response is required, it is denied.

13. Denied. Defendant is advised by counsel and therefore avers that the allegations contained in the corresponding paragraph of Plaintiffs' First Amended Complaint are automatically deemed denied as conclusions of law.

14. Denied.

15. Denied. Defendant is advised by counsel and therefore avers that the allegations contained in the corresponding paragraph of Plaintiffs' First Amended Complaint are automatically deemed denied as conclusions of law.

## COUNT TWO

### VIOLATION OF ERISA FOR FAILURE

### TO MAKE CONTRIBUTIONS TO THE FUNDS

16. Defendant incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

17. Denied. Defendant is advised by counsel and therefore avers that the allegations contained in the corresponding paragraph of Plaintiffs' First Amended Complaint are automatically deemed denied as conclusions of law.

18. Denied. Defendant is advised by counsel and therefore avers that the allegations contained in the corresponding paragraph of Plaintiffs' First Amended Complaint are automatically deemed denied as conclusions of law.

19. Denied. Defendant is advised by counsel and therefore avers that the allegations contained in the corresponding paragraph of Plaintiffs' First Amended Complaint are automatically deemed denied as conclusions of law.

## **AFFIRMATIVE DEFENSES**

A. The Complaint fails to state a claim on which relief can be granted.

B. Plaintiffs' claims are barred by waiver.

C. Plaintiffs' claims are barred by release.

D. Plaintiffs' claims are barred by acquiescence.

CROSS & SIMON, LLC

/s/ Kevin S. Mann
_____
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
302-777-4200
302-777-4224 (fax)
csimon@crosslaw.com

*Counsel for Defendant*

Dated: May 21, 2007

## CERTIFICATE OF SERVICE

I, Kevin S. Mann, hereby certify that on May 21, 2007, I caused a true and correct copy of the Defendant's Answer to Plaintiffs' First Amended Complaint to be upon the following individuals in the manner indicated:

**VIA HAND DELIVERY**
Timothy J. Snyder, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**VIA FIRST CLASS MAIL**
Jonathan Walters, Esquire
121 S. Broad Street, Suite 1100
Philadelphia, PA 19107

_____
Kevin S. Mann (No. 4576)